# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

GORDON FRANKE, *et al.*,

        Plaintiffs,

   v.

JOHN BOYLE, in his capacity as Commissioner of the State of Alaska, Department of Natural Resources,

        Defendant.

Case No. 3:23-cv-00085-SLG

## ORDER RE MOTION TO DISMISS

Before the Court at Docket 7 is Defendant John Boyle's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiffs responded in opposition to the Motion to Dismiss at Docket 8, to which Defendant replied at Docket 11. Oral argument was held on November 7, 2023.[2]

### BACKGROUND

Plaintiffs Gordon Franke and John Frost each own property adjacent to Campbell Lake in Anchorage, Alaska.[3] They assert that their properties were "never owned by the Territory or State of Alaska"; rather, the federal government

---

[1] *See also* Docket 7-1 (Mem. in Supp. of Mot. to Dismiss).

[2] Docket 19.

[3] Docket 1 at ¶¶ 10-12.

transferred ownership to private parties before Alaska became a state.[4] However, a section line from a government survey crosses each of Plaintiffs' properties.[5] The State of Alaska has alleged that it has valid easements along these section lines that derive from federal legislation enacted in the mid-1800s and legislation enacted by the Territory of Alaska in 1923.[6] In 2019, the State of Alaska Department of Natural Resources and the Municipality of Anchorage issued a joint statement declaring that the public could lawfully traverse these "unvacated section line easements" to access Campbell Lake through Plaintiffs' properties.[7]

Plaintiffs initiated this lawsuit against Defendant in his official capacity as the Commissioner of the State of Alaska (the "State") Department of Natural Resources to challenge the validity of the easements.[8] They allege violations of the Supremacy Clause, Fourteenth Amendment, Fifth Amendment, Fourth Amendment, and the Alaska Constitution.[9] Plaintiffs ask for declaratory and injunctive relief; specifically, they seek a declaration that the State's asserted section line easements are invalid, Plaintiffs' properties are "free and clear of such purported right-of-way," Defendant's enforcement of the easements violates

---

[4] Docket 1 at ¶ 13.

[5] Docket 1 at ¶ 15.

[6] Docket 1 at ¶ 2.

[7] Docket 1 at ¶¶ 16-17, 23-27. *See* Docket 1-1 (joint statement).

[8] Docket 1 at ¶¶ 5, 22-26.

[9] Docket 1 at ¶¶ 36-60.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 2 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 2 of 19

Plaintiffs' constitutional rights, and "a permanent injunction preventing the State from interfering with Plaintiffs' enjoyment of their lands, including enforcement of their possessory rights as landowners."[10]

Defendant's motion seeks dismissal of this action, arguing immunity from Plaintiffs' suit in federal court pursuant to the Eleventh Amendment.[11]

## JURISDICTION

This Court has federal question jurisdiction over Plaintiffs' claims that arise under federal law pursuant to 28 U.S.C. § 1331. The Court may exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## LEGAL STANDARD

### I. Motion to Dismiss

Defendant moves to dismiss Plaintiffs' suit pursuant to Rule 12(b)(1), asserting the Court lacks subject-matter jurisdiction.[12] "Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in [either a facial attach or a factual attack]. Defendant's motion presents a facial attack to Plaintiffs' jurisdictional allegations.[13] A court "resolves a facial attack as it would a motion to

---

[10] Docket 1 at 16.

[11] Docket 7.

[12] *See* Docket 7; Fed. R. Civ. P. 12(b)(1).

[13] Docket 7-1 at 6-7.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 3 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 3 of 19

dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."[14] However, courts "do not accept legal conclusions in the complaint as true."[15]

## II. Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[16] The United States Supreme Court "ha[s] repeatedly held that this immunity also applies to unconsented suits brought by a State's own citizens."[17] This "principle of sovereign immunity is a constitutional limitation on the federal judicial power" that "applies regardless of the nature of the relief sought."[18] Further, "[a] suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself."[19]

---

[14] *Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

[15] *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (emphasis omitted) (citing *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

[16] U.S. Const. amend. XI.

[17] *Tennessee v. Lane*, 541 U.S. 509, 517 (2004) (citations omitted).

[18] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984) (citation omitted).

[19] *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citing *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986)).

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 4 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 4 of 19

However, there are exceptions to Eleventh Amendment immunity: (1) it can be waived by consent;[20] (2) it can be abrogated by Congress acting in the exercise of its enforcement authority under Section 5 of the Fourteenth Amendment;[21] and (3) pursuant to *Ex parte Young*, it "does not bar actions when citizens seek only injunctive or prospective relief against state officials" for ongoing violations of federal law.[22] The *Young* exception operates pursuant to a legal "fiction"—"when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes."[23] "Not all actions that solely seek prospective relief against state officials fall within the *Young* exception, however."[24] "[W]hen 'the state is the real, substantial party in interest,' as when the 'judgment sought would expend itself on the public treasury or domain, or interfere with public administration,'" the *Young* doctrine does not apply.[25]

---

[20] *Pennhurst*, 465 U.S. at 99 (citation omitted).

[21] *Id.*; *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000) ("Section 5 of the Fourteenth Amendment . . . grant[s] Congress the authority to abrogate the States' sovereign immunity.").

[22] *Lacano Invs., LLC*, 765 F.3d at 1072 (citing *Ex parte Young*, 209 U.S. 123 (1908)).

[23] *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (quoting *Pennhurst*, 465 U.S. at 114 n.25).

[24] *Lacano Invs., LLC*, 765 F.3d at 1072 (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997)).

[25] *Va. Office for Prot. & Advocacy*, 563 U.S. at 255 (quoting *Pennhurst*, 465 U.S. at 101 & n.11).

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 5 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 5 of 19

## DISCUSSION

Because Plaintiffs sued the Commissioner in his official capacity, Plaintiffs' suit is equivalent to a suit against the State. Accordingly, Defendant's Motion to Dismiss argues that Eleventh Amendment immunity requires dismissal of the complaint because Plaintiffs have filed the functional equivalent of a quiet title action against the State that Defendant maintains is barred from proceeding in federal court.[26]

Defendant relies on *Lacano Investments, LLC, v. Balash* and *Idaho v. Coeur d'Alene Tribe of Idaho*.[27] In *Lacano*, the federal government issued a patent to the plaintiffs in certain streambeds before Alaska became a state.[28] The State subsequently determined that the waterways above the streambeds were navigable waters at statehood and that the streambeds were therefore owned by the State under the Submerged Lands Act of 1953 and the Alaska Statehood Act.[29] The plaintiffs sued the State officials who made the navigability determinations, seeking a declaratory judgment that the State's navigability determinations violated federal law and an injunction prohibiting the State from claiming title to the

---

[26] Docket 7-1 at 1-2, 7-8.

[27] Docket 7-1 at 8-9.

[28] *Lacano Invs., LLC*, 765 F.3d at 1070.

[29] *Id.* (first citing 43 U.S.C. § 1311(a); and then citing Act to Provide for the Admission of the State of Alaska into the Union, Pub. L. No. 85-508, 72 Stat. 339, 343 § 6(m) (1958) ("Alaska Statehood Act")).

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 6 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 6 of 19

land beneath the waterways.[30]

The Ninth Circuit affirmed the district court's dismissal of the complaint on Eleventh Amendment immunity grounds, relying on *Idaho v. Coeur d'Alene Tribe of Idaho*.[31] In *Coeur d'Alene*, the Coeur d'Alene Tribe sued the State of Idaho and state officials in federal court seeking to quiet title to "the submerged lands and bed of Lake Coeur d'Alene and [to] the various navigable rivers and streams that form part of its water system."[32] The Tribe also sought a declaratory judgment establishing the Tribe's exclusive right to use and occupy the submerged lands, as well as a permanent injunction prohibiting Idaho from infringing on the Tribe's rights to the land.[33]

The *Lacano* court explained that in *Coeur d'Alene*, the Supreme Court's "principal opinion recognized that '[a]n allegation of an ongoing violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the *Young* fiction.'"[34] But the Supreme Court held that the *Coeur d'Alene* "case was 'unusual in that the Tribe's suit [was] the functional equivalent of a quiet title action which implicates special sovereignty interests.'"[35] That was because "substantially

---

[30] *Id.* at 1070-71.

[31] *Id.* at 1072-74.

[32] *Coeur d'Alene*, 521 U.S. at 264.

[33] *Id.* at 265.

[34] *Lacano Invs., LLC*, 765 F.3d at 1072 (quoting *Coeur d'Alene*, 521 U.S. at 281).

[35] *Id.* at 1073 (quoting *Coeur d'Alene*, 521 U.S. at 281).

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 7 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 7 of 19

all benefits of ownership and control would shift from the State to the Tribe" and the relief the Tribe sought had "consequences going well beyond the typical stakes in a real property quiet title action," including to "diminish, even extinguish, the State's control over a vast reach of lands and waters long deemed by the State to be an integral part of its territory."[36] Both the principal opinion and Justice O'Connor's concurrence in *Coeur d'Alene* recognized that "the Tribe's action was 'the functional equivalent of an action to quiet . . . title to the bed of Lake Coeur d'Alene,' which was not acceptable under the Eleventh Amendment" as "[a] federal court cannot summon a State before it in a private action seeking to divest the State of a property interest."[37] Accordingly, the *Young* exception was inapplicable and the Eleventh Amendment precluded the Tribe's action against Idaho in federal court because "if the Tribe were to prevail, Idaho's sovereign interest in its lands and waters would be affected in a degree fully as intrusive as almost any conceivable retroactive levy upon funds in its Treasury."[38]

Similar to the tribe in *Coeur d'Alene*, the Ninth Circuit held that the *Lacano* "[p]laintiffs' action implicates precisely the same sovereignty interests as in *Coeur d'Alene* itself" because the plaintiffs "allege they are 'fee simple owners' of the streambeds beneath the navigable waters, seek to lift the 'cloud' from their

---

[36] *Coeur d'Alene*, 521 U.S. at 282.

[37] *Lacano Invs., LLC*, 765 F.3d at 1072-73 (first citing *Coeur d'Alene*, 521 U.S. at 281; and then quoting *Coeur d'Alene*, 521 U.S. at 289 (O'Connor, J., concurring)).

[38] *Coeur d'Alene*, 521 U.S. at 287.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 8 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 8 of 19

properties, and request that a federal court return 'full use and enjoyment of their property.'"[39] As such, "[t]he relief [p]laintiffs request 'is close to the functional equivalent of quiet title'" because if the Ninth Circuit ruled "in [p]laintiffs' favor, the 'benefits of ownership and control would shift from the State' to [p]laintiffs."[40] Accordingly, the Ninth Circuit held that "[f]ederal courts lack jurisdiction over all actions where a plaintiff seeks relief that is 'close to the functional equivalent of quiet title' over submerged lands that have a 'unique status in the law' and which are 'infused with a public trust.'"[41]

The question in this case is whether Plaintiffs' suit is the functional equivalent to an action to quiet title against the State as to the portion of their properties impacted by the section line easements claimed by the State. As in *Lacano*, Plaintiffs allege that they are fee simple owners—albeit to the land underlying their easements and not to submerged land under navigable waters; and they seek a declaratory judgment lifting the cloud of the easements from their properties and returning to them the full use and enjoyment of their properties.[42] The Court finds that this suit—challenging the legal validity of section line easements that the State claims it accepted from the federal government prior to

---

[39] *Lacano Invs., LLC*, 765 F.3d at 1073.

[40] *Id.* at 1073-74 (quoting *Coeur d'Alene*, 521 U.S. at 282-83).

[41] *Id.* at 1076 (quoting *Coeur d'Alene*, 521 U.S. at 282-83).

[42] Docket 1 at ¶¶ 1-3.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 9 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 9 of 19

statehood—is the functional equivalent of a quiet title action. Plaintiffs seek invalidation of the section line easements on their properties and a declaration that the State's enforcement of the easements violates Plaintiffs' state and federal constitutional rights.[43] Therefore, Plaintiffs' claims are barred by the Eleventh Amendment.

Plaintiffs argue that *Lacano* and *Coeur d'Alene* are "plainly inapplicable" to this case because both of those cases involved submerged lands under navigable waters.[44] They point to language in both *Lacano* and *Coeur d'Alene* describing submerged lands as holding a unique status in law and being infused with a public trust.[45] Plaintiffs assert that these cases apply the Eleventh Amendment bar only to suits against states that seek to quiet title to submerged lands.[46]

The Court acknowledges that both *Lacano* and *Coeur d'Alene* involved title to submerged lands and not section line easements over private property. But the same public trust concerns articulated in those cases clearly apply to the section line easements at issue here. The federal government surveys land and creates a grid "to identify certain plots or grants of land and delineates property in . . .

---

[43] Docket 1 at 16. *See also* Docket 8 at 2.

[44] Docket 8 at 3.

[45] Docket 8 at 8 (quoting *Coeur d'Alene*, 521 U.S. at 283); Docket 8 at 10-11 (quoting *Lacano Invs., LLC*, 765 F.3d at 1074-75).

[46] Docket 8 at 7-12.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 10 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 10 of 19

sections."⁴⁷ "The borders of these sections are called 'section lines.'"⁴⁸ The section line easements claimed by the State derive from the federal Mining Act of 1866, "[l]ater codified as 43 U.S.C. § 932, Revised Statute 2477 ("R.S. 2477")," that granted "[t]he right-of-way for the construction of highways over public lands, not reserved for public uses."⁴⁹ R.S. 2477 was an "'offer' to states to acquire . . . public easements over certain available . . . public lands."⁵⁰

> The Alaska territorial legislature accepted this dedication of public lands for highway purposes in 19 [Session Law of Alaska] 1923, section 1 of which provided:
>
> A tract of four rods wide between each section of land in the Territory of Alaska is hereby dedicated for use as public highways, the section line being the center of said highway.⁵¹

"[T]he 1923 act impressed the public lands in Alaska not otherwise reserved for public uses with section line highway easements."⁵²

The *Lacano* and *Coeur d'Alene* courts' recognition of the importance of the public trust implications to submerged lands applies with comparable force to section line easements. In *Coeur d'Alene*, the Supreme Court determined that the

---

⁴⁷ Docket 1 at ¶ 14.

⁴⁸ Docket 1 at ¶ 14.

⁴⁹ Docket 1 at ¶ 20.

⁵⁰ Docket 1 at ¶ 21.

⁵¹ *Brice v. State, Div. of Forest, Land & Water Mgmt.*, 669 P.2d 1311, 1314 (Alaska 1983). A rod is a measure of distance equal to 16.5 feet. *See* Definition of "rod," Britannica, https://www.britannica.com/science/rod-measurement (last visited Jan. 18, 2024).

⁵² *Brice*, 669 P.2d at 1315.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 11 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 11 of 19

relief sought by the Tribe would have

> consequences going well beyond the typical stakes in a real property quiet title action. . . . The suit would diminish, even extinguish, the State's control over a vast reach of lands and waters long deemed by the State to be an integral part of its territory. To pass this off as a judgment causing little or no offense to Idaho's sovereign authority and its standing in the Union would be to ignore the realities of the relief the Tribe demands.[53]

The Supreme Court concluded that

> [i]t is apparent, then, that if the Tribe were to prevail, Idaho's sovereign interest in its lands and waters would be affected in a degree fully as intrusive as almost any conceivable retroactive levy upon funds in its Treasury. Under these particular and special circumstances, we find the *Young* exception inapplicable. The dignity and status of its statehood allows Idaho to rely on its Eleventh Amendment immunity and to insist upon responding to these claims in its own courts, which are open to hear and determine the case.[54]

In *Agua Caliente Band of Cahuilla Indians v. Hardin*, the plaintiffs sought a declaration that California could not impose taxes on food and beverages purchased at a tribal resort on reservation land.[55] In holding that such relief was not barred by the Eleventh Amendment, the Ninth Circuit explained that "the question posed by *Coeur d'Alene* is not whether a suit implicates a core area of sovereignty, but rather whether the relief requested would be so much of a *divestiture* of the state's sovereignty as to render the suit as one *against the state*

---

[53] *Coeur d'Alene*, 521 U.S. at 282.

[54] *Id.* at 287-88.

[55] 223 F.3d 1041, 1043 (9th Cir. 2000).

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 12 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 12 of 19

*itself.*"[56] And "[i]f . . . the requested relief would infringe upon a state's sovereignty to such a degree as to render the suit against the state itself, then it is barred by the Eleventh Amendment."[57] "Applying this understanding of *Coeur d'Alene*," the Ninth Circuit concluded that the relief requested in *Agua Caliente* "would not affect California's sovereignty interests to such 'a degree fully as intrusive as almost any conceivable retroactive levy upon funds in its Treasury.'"[58]

The Ninth Circuit's analysis in *Agua Caliente* demonstrates that Eleventh Amendment immunity as applied in *Coeur d'Alene* is not strictly limited to suits where the relief requested seeks title to submerged lands. If that were the case, then the Ninth Circuit in *Agua Caliente* need not have distinguished the sovereignty interests in that case from those at issue in *Coeur d'Alene*. Because the Eleventh Amendment bars suits against states where "the relief requested would be so much of a *divestiture* of the state's sovereignty as to render the suit as one *against the state itself*,"[59] the universe of requested relief that could so divest the state of its sovereignty is broader than Plaintiffs claim—it is not limited only to suits challenging title to submerged lands.[60]

Here, unlike in *Agua Caliente*, Plaintiffs' challenge implicates a comparable

---

[56] *Id.* at 1048 (emphasis in original).

[57] *Id.* (citing *Coeur d'Alene*, 521 U.S. at 296 (O'Connor, J., concurring)).

[58] *Id.* at 1048-49 (quoting *Coeur d'Alene*, 521 U.S. at 287).

[59] *Id.* at 1048 (emphasis in original).

[60] *See* Docket 11 at 14.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 13 of 19

divestiture of the State's sovereignty as was present in both *Coeur d'Alene* and *Lacano*. For Plaintiffs dispute not just the legal validity of the State's claimed easements over their two properties but also the legal validity of all similarly-created section line easements throughout the state. Plaintiffs maintain that all of the State's unvacated section line easements are invalid because the territorial legislature did not enact "site-specific acceptance[s] coupled with actual construction of a highway."[61] They maintain that "the purported 1923 'acceptance' of an R.S. 2477 right-of-way over and upon each and every section line within the Territory of Alaska was invalid for the reason that such an acceptance goes well beyond what Congress intended to be the scope of its offer set forth in R.S. 2477."[62] Although Plaintiffs are not challenging the State's title to submerged lands, their challenge here similarly would have "far-reaching and invasive" impacts, as the relief Plaintiffs seek would invalidate all unvacated section line easements throughout the state that the State claims were created through R.S. 2477 and 19 SLA 1923 for use as public highways.[63] As Defendant notes, granting Plaintiffs the relief they seek "would entirely divest the state of a type of 'statutorily

---

[61] Docket 1 at ¶ 24.

[62] Docket 1 at ¶ 25. *See Alaska Dep't of Nat. Res. v. United States*, 816 F.3d 580, 583-84 (9th Cir. 2016) ("R.S. 2477 is unusual, as land-grant statutes go, because of its self-executing nature. No formal document memorializing the grant of a right-of-way needed to be executed by a federal official. Nor did a State, as the recipient of the grant, need to take any formal steps to accept the federal government's grant of a right-of-way. Acceptance of a grant is determined by state law, and under Alaska law an R.S. 2477 grant could be accepted through public use.")

[63] *See Coeur d'Alene*, 521 U.S. at 282; Docket 7-1 at 3.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 14 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 14 of 19

created public right-of-way owned by the state'"[64] and would impede the State's obligation to "to protect public access to natural resources," such as Campbell Lake.[65]

Defendant invokes the Alaska Constitution's "common use clause" to argue that the easements in this case involve comparable sovereignty concerns as the submerged lands in *Coeur d'Alene*, as both have a "unique status in the law."[66] Plaintiffs respond that "the issue of the existence of an easement across private land does not implicate the common use clause" because "the common use clause guaranteed the public's right to use the lake for fishing, although it did not authorize a trespass across the landowner's property to get to the lake."[67] However, Defendant contends that the State's section line easements facilitate the public's access to Campbell Lake, consistent with its obligations under the common use clause. The Court agrees with Defendant that the common use clause of the Alaska Constitution is relevant and supports a finding that the sovereignty interests at issue here—all unvacated section line easements in the State of Alaska—are

---

[64] Docket 11 at 13 (quoting *Hilstrand v. City of Homer*, 218 P.3d 685, 692 (Alaska 2009) ("A section-line easement is a statutorily-created public right-of-way owned by the State . . . ." (citing Alaska Statute 19.10.010)).

[65] Docket 7-1 at 9; Docket 11 at 16-18.

[66] Docket 7-1 at 9-10 (citing *Owsichek v. State of Alaska, Guide Licensing & Control Bd.*, 763 P.2d 488, 492 (Alaska 1988)); *see Owsichek*, 763 P.2d at 491 (explaining that Article VIII, section 3, of the Alaska Constitution provides that "[w]herever occurring in their natural state, fish, wildlife, and waters are reserved to the people for common use").

[67] Docket 8 at 18-19 (quoting *Owsichek*, 763 P.2d at 494).

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 15 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 15 of 19

comparable to those in *Coeur d'Alene*. Accordingly, the Court finds that if Plaintiffs "were to prevail, [Alaska's] sovereign interest in its lands . . . would be affected in a degree fully as intrusive as almost any conceivable retroactive levy upon funds in its Treasury."[68] As in *Coeur d'Alene*, the "dignity and status of its statehood" allows Alaska "to rely on its Eleventh Amendment immunity and to insist upon responding to these claims in its own courts, which are open to hear and determine the case."[69]

Plaintiffs also assert that *Seneca Nation v. Hochul* "mandates" denial of Defendant's motion to dismiss.[70] In that case, the Second Circuit Court of Appeals held that the Eleventh Amendment did not bar a suit in federal court by a tribe against New York State over a single easement that the tribe had granted to New York over which New York had built part of a highway.[71] The tribe argued that the easement was invalid because New York did not get it approved by the federal

---

[68] *Coeur d'Alene*, 521 U.S. at 287. *See MacDonald v. Vill. of Northport*, 164 F.3d 964, 972-73 (6th Cir. 1999) (The court held that a challenge to a state's public access right-of-way to Great Lakes was barred by the Eleventh Amendment because "the state of Michigan has a great interest in maintaining public access to the Great Lakes, [so] the [plaintiffs'] requested relief implicated 'special sovereignty interests.' Like the Indian tribe's lawsuit at issue in *Coeur d'Alene Tribe*, the [plaintiffs'] action was in some ways similar to a quiet title action because they sought a declaration that a portion of the 7th Street right-of-way was the 'lawful property of Plaintiffs.'").

[69] *Coeur d'Alene*, 521 U.S. at 287-88. The Court takes judicial notice of the pending quiet title action that the State has recently initiated in Alaska state court, *State of Alaska, Dep't of Nat. Res. v. Franke, et al.*, Case No. 3AN-23-09060CI. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (citation omitted)).

[70] Docket 8 at 14-17 (citing *Seneca Nation v. Hochul*, 58 F.4th 664 (2d Cir. 2023)).

[71] *Seneca Nation*, 58 F.4th at 667.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 16 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 16 of 19

government.⁷² As relief, the tribe sought an injunction requiring state officials to obtain a valid easement or, alternatively, preventing the defendants from collecting tolls on the portion of the highway that was on tribal property.⁷³ The tribe also requested that all toll money attributable to the portion of the highway on the tribe's land be held in escrow until New York obtained a valid easement.⁷⁴

The Second Circuit concluded that the tribe's suit could proceed in federal court; it reasoned that the suit was not comparable to the suit barred by the Eleventh Amendment in *Coeur d'Alene*.⁷⁵ The Circuit Court explained that the Seneca Nation

> [did] not assert property rights over land to which New York State has traditionally held the title and [did] not seek a declaration that the State's laws and regulations do not apply to the area in dispute. Therefore, the quiet title exception to *Ex parte Young* outlined by the Court in *Coeur d'Alene Tribe* has no application here.⁷⁶

*Seneca Nation* is not binding on the Court. And it is distinguishable from Ninth Circuit precedent. As noted above, in *Lacano*, the Ninth Circuit focused on whether "[t]he relief [p]laintiffs request 'is close to the functional equivalent of quiet title.'"⁷⁷ The *Lacano* plaintiffs alleged that they were fee simple owners of the

---

⁷² *Id.* at 667-68.

⁷³ *Id.* at 668.

⁷⁴ *Id.*

⁷⁵ *Id.* at 674.

⁷⁶ *Id.*

⁷⁷ *Lacano Invs., LLC*, 765 F.3d at 1073 (quoting *Coeur d'Alene*, 521 U.S. at 282).

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 17 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 17 of 19

disputed land, sought to "lift the cloud from their properties," and asked that the court "return full use and enjoyment of their property."[78] The Ninth Circuit held that such relief was the functional equivalent of a quiet title action and therefore was barred by the Eleventh Amendment.[79] In contrast, in *Seneca Nation*, the tribe did not seek to divest the State of New York of its interest in the portion of the highway on tribal land. Rather, the tribe sought to require New York to secure a valid easement and to stop collecting tolls for the portion of the highway in question until a valid easement was obtained.

Here, Plaintiffs seek much the same relief as the plaintiffs in *Lacano*: to divest the State of any interest in their properties and return full use and enjoyment to Plaintiffs by invalidating the State's asserted section line easements. As noted above, the relief Plaintiffs seek would invalidate the State's section line easements throughout all of Alaska, not just at Campbell Lake. Consistent with Ninth Circuit precedent, the Court concludes that Plaintiffs' suit is the "the functional equivalent of a quiet title action which implicates special sovereignty interests."[80] As the Supreme Court held in *Coeur d'Alene*, this Court recognizes that "[a]lthough the 'difference between the type of relief barred by the Eleventh Amendment and that permitted under *Ex parte Young* will not in many instances be that between day

---

[78] *Id.* (internal quotation marks omitted).

[79] *Id.* at 1073-74.

[80] *Coeur d'Alene*, 521 U.S. at 281.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 18 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 18 of 19

and night,' this suit . . . falls on the Eleventh Amendment side of the line, and [Alaska's] sovereign immunity controls."[81]

## CONCLUSION

Defendant's Motion to Dismiss at Docket 7 is **GRANTED**.[82] The Court finds that according Plaintiffs leave to file an amended complaint would be futile, as "the complaint could not be saved by any amendment."[83] Accordingly, this case is **DISMISSED** without leave to amend and without prejudice to Plaintiffs' ability to pursue their claims in state court.[84]

The Clerk of Court shall enter a final judgment accordingly.

DATED this 22nd day of January, 2024.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[81] *Id.* (quoting *Edelman v. Jordan*, 415 U.S. 651, 667 (1974)).

[82] The Court declines to address Defendant's alternative argument that Plaintiffs have not adequately alleged a violation of federal law, *see* Docket 7-1 at 10-15, as the Court has concluded that it lacks jurisdiction pursuant to the Eleventh Amendment.

[83] *Ctr. for Bio. Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022). *See Lacano Invs., LLC*, 765 F.3d at 1076 (holding that "any amendment would be futile" and "[n]o set of facts pleaded by Plaintiffs would allow their complaint to proceed, given *Coeur d'Alene*").

[84] *See supra* n.69.

Case No. 3:23-cv-00085-SLG, *Franke, et al. v. Boyle*
Order re Motion to Dismiss
Page 19 of 19
Case 3:23-cv-00085-SLG   Document 20   Filed 01/22/24   Page 19 of 19